**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Bishop,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Bridget Wicks,<br><br>　　　　　Defendant. | No. CV-16-08087-PCT-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Ernest Bishop's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure. The Court therefore dismisses the Complaint with permission to file an Amended Complaint by June 29, 2016.

**I.    LEGAL STANDARDS**

**A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B.     Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.     ANALYSIS

Plaintiff's Complaint alleges that Defendant Bridget Wicks, a Nurse Practitioner at the Guidance Center in Flagstaff, Arizona, conducted an HIV test of Plaintiff despite his explicit statement that he did not want to be tested. (Compl. at 2–4.) He alleges that Ms. Wicks violated his civil rights in so doing. (Compl. at 3–4.) Applying a benefit-of-

any-doubt standard to this claim, the Court assumes that Plaintiff attempts to bring a claim under 42 U.S.C. § 1983, which provides for a private right of action against a state actor for a constitutional violation.

To state a § 1983 claim, a plaintiff must first allege state action. Determining whether an entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). For a court to answer this question in the affirmative, a plaintiff must show that two requirements are met: (1) the deprivation to the plaintiff by the entity "must result from a governmental policy," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.*

Here, the allegations in the Complaint do not meet either requirement. The Complaint contains no allegations that the procedures used by Ms. Wicks are part of a governmental policy. Moreover, Ms. Wicks, is, based on the information available to the Court, not a governmental actor. Accordingly, Plaintiff fails to allege a state action sufficient to raise a § 1983 claim. *See id.* at 836-43.

The Court cannot discern any other federal claim based on Plaintiff's Complaint. The Court also does not find that the Complaint alleges any state law claim relying on diversity jurisdiction, but the Court notes that such a claim would fail because Plaintiff has not alleged that his claim involves a controversy between citizens of different states. Rather, he only alleges that he lives in Arizona and that the incident and Defendant's actions took place in Arizona.

In sum, Plaintiff's claims fail because he does not allege facts sufficient for the Court to find it has subject matter jurisdiction over his claims. Plaintiff may amend his Complaint to the extent he can allege subject matter jurisdiction by either showing his claims involve a controversy between citizens of different states, and the amount in controversy exceeds $75,000, or a question of federal law, identifying the specific claim

and what statute applies, if any. Plaintiff may only amend his Complaint to allege a § 1983 claim if he can allege facts showing state action.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with permission to file an Amended Complaint by June 29, 2016.

IT IS FURTHER ORDERED that if Plaintiff does not file an Amended Complaint by June 29, 2016, the Clerk shall dismiss this action without further Order of this Court.

IT IS FURTHER ORDERED that if Plaintiff elects to file an Amended Complaint, he may not serve it on Defendant until and unless the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If and when the Court gives Plaintiff leave to serve an Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 10th day of June, 2016.

Honorable John J. Tuchi
United States District Judge